IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HICA EDUCATION LOAN
CORPORATION,

    Plaintiff,

v.

MARTHA M. RODRIGUEZ,

    Defendant.

**Civil No. 14-1127 (SEC)**

**OPINION AND ORDER**

    Uncertain of its jurisdiction, the Court ordered the plaintiff to show cause why this putative federal-question suit to recover on a promissory note should not be dismissed. Docket # 7. The plaintiff having showed cause, Docket # 9, and after reviewing the filings and the applicable law, this case is **DISMISSED** for want of subject-matter jurisdiction.

**Factual and Procedural Background**

    On February 14, 2014, HICA Education Loan Corporation brought this suit against pro se defendant Martha M. Rodríguez seeking to recover monies owed under a promissory note governed by the United States Health Education Assistance Loan Program (HEAL), 42 U.S.C. § 292 et seq. Docket # 1. HICA, the current holder of the note, seeks to collect the unpaid portion of the notes and interest, which, as of November 26, 2013, totals $12,831.52. Id. ¶ 11 Unlike other (recent) occasions, see HICA Educ. Loan Corp. v. De-Jesus, No. 13-1285, 2014 WL 2435833 (D.P.R. May 30, 2014) (exercising diversity jurisdiction under 28 U.S.C. § 1332 and granting HICA's summary-judgment motion), HICA's only jurisdictional hook in this case is federal-question jurisdiction, 28 U.S.C. § 1331 — allegedly, under the HEAL program and regulations. See Docket # 1, ¶ 3 (citing 42 U.S.C. § 292 et seq.; 42 C.F.R. Part 60).

    Yet this court recently called into doubt this jurisdictional ground, "given the apparent consensus among district courts that 'neither HEAL nor the federal regulations create a federal

**CIVIL NO. 14-1127 (SEC)** Page 2

cause of action for nonpayment of a HEAL loan,'" De-Jesus, 2014 WL 2435833, *1 n. 1 (citation omitted). And because "federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but, rather, must appraise their own authority to hear and determine particular cases," e.g., Cusumano v. Microsoft Corp., 162 F.3d 708, 712 (1st Cir.1998), HICA was ordered to show cause why this case should not be dismissed on that ground.

HICA timely showed cause, positing that subject-matter jurisdiction is proper. Docket # 9. The gravamen of its argument is that because its "claim is dependent upon the construction and application of federal laws and federal regulations," id., p. 5, it sufficiently involves a federal question.

**Standard of Review**

It should go without saying that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Even if the parties "have disclaimed or have not presented" issues that go to a court's subject-matter jurisdiction, the Supreme Court has made plain, a federal court is nevertheless obligated to consider them on its own accord. Gonzalez v. Thaler, 132 S.Ct. 641, 648 (2012); Macera v. Mortgage Elec. Registration Sys., Inc., 719 F.3d 46, 48 (1st Cir. 2013). While the courts must ordinarily give a plaintiff prior notice before ordering a sua sponte dismissal on this ground, Griffiths v. Amtrak, 106 F. App'x 79, 80 (1st Cir. 2004) (per curiam), once the plaintiff is faced with a subject-matter jurisdiction challenge, it undoubtedly bears the burden of demonstrating its existence. See CE Design Ltd. v. Am. Econ. Ins. Co., --- F.3d ----, 2014 WL 2781818, *3 (1st Cir. June 19, 2014). In this context, "[t]he jurisdictional question is determined from what appears on the plaintiff's claim . . . ." Ortiz-Bonilla v. Federación de Ajedrez de Puerto Rico, Inc., 734 F.3d 28, 34 (1st Cir. 2013) (emphasis omitted) (citing Templeton Bd. of Sewer Comm'rs. v. Am. Tissue Mills of Massachusets, Inc., 352 F.3d 33, 37 (1st Cir. 2003)).

**CIVIL NO. 14-1127 (SEC)**                                                                    Page 3

### Applicable Law and Analysis

Where, as here, no diversity of citizenship exists between the parties, "jurisdiction turns on whether the case falls within 'federal question' jurisdiction." Ortiz-Bonilla, 734 F.3d at 34; see 28 U.S.C. § 1331. Congress has authorized the federal district courts to exercise original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; see Municipality of Mayaguez v. Corporacion Para el Desarrollo del Oeste, Inc., 726 F.3d 8, 13 (1st Cir. 2013).

Pertinently, one of the two ways — and by far the most common scenario — in which an action comes within federal question is when federal law creates the cause of action asserted. Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). "A suit," Justice Holmes famously wrote almost a century ago, "arises under the law that creates the cause of action," American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) — which explains why this type of action is modernly called a "direct federal question," Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dep't Of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009).[1] And it is of course Congress who has the power to create private rights of action to enforce federal law, e.g., Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740, 748 (2012), so "[w]ithout [Congressional intent], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001); see also id. at 286 (noting that an implied private right of action can only exist where Congress sought to provide both a private right and a private remedy). As a result, "[r]egulations alone cannot create private rights of action; the source of the right must be a statute." Buck v. Am. Airlines, Inc., 476 F.3d 29, 33 (1st Cir. 2007).

---

[1] See generally e.g., Solano v. Franquicias de Martin's BBQ, Inc., No. 13-1083, 2014 WL 67336, *5 (D.P.R. Jan. 8, 2014) (finding that plaintiffs' "alleged violations of the Lanham Act constitute[ ] a 'direct federal question . . ." (alterations in original; citation and internal quotations marks omitted)).

**CIVIL NO. 14-1127 (SEC)**                                                                                              Page 4

HICA bets the house on one claim: "Because [the] defendant has failed to make payments that are due and owing under the terms of the Note," the complaint's sole count reads, "[she] is in default under the terms of the Note and has violated the HEAL Statutes and Regulations." Docket # 1, ¶ 10. So HICA couches its sole claim not on a breach-of-contract theory under Puerto Rico law, but, rather, on the existence (or not) of a direct cause of action under federal law based on the alleged HEAL violations. See id. "Because a default on a HEAL program loan is a violation of the Code of Federal Regulations," goes the argument, "the Court has subject matter jurisdiction over Plaintiff's claim." Docket # 9, p. 1 (footnote omitted).

This argument does not withstand scrutiny. The HEAL statute does not "clearly evince[ ] congressional intent to bestow such a . . . [private right of action]." Iverson v. City Of Boston, 452 F.3d 94, 100 (1st Cir. 2006) (citing Sandoval, 532 U.S. at 286-87). Quite the contrary — Congress appears to have enacted the HEAL program for a discrete and narrow reason: To provide "Federal insurance of educational loans to graduate students in . . . [certain] fields of medicine . . . ." 42 C.F.R. § 60.1(a). Broadly speaking, moreover, the HEAL regulations simply establish the contractual agreement between the parties.[2] But apart from prescribing that (admittedly federally regulated) contractual regime, nothing in the HEAL statute or its regulations suggests that Congress intended to create a federal cause of action (implied or otherwise) to collect on HEAL loan. See San Juan Cable LLC v. Puerto Rico Tel. Co., Inc., 612 F.3d 25, 32 (1st Cir. 2010). "This language, read naturally, does no more than confirm the statutorily authorized rights of enforcement — and those rights do not include private rights of action." Bonano v. E. Caribbean Airline Corp., 365 F.3d 81, 84 (1st Cir. 2004); see MacKenzie

---

[2] E.g., 42 C.F.R. § 60.1(a) ("By taking a HEAL loan, the borrower is obligated to repay the lender or holder the full amount of the money borrowed, plus all interest which accrues on the loan."); § 60.8(b)(4) (borrowers under the HEAL program are required to repay the loan in accordance with the agreed "repayment schedule"); § 60.8(b)(2) (borrowers required "pay all interest charges on the loan[s] as required by the lender or holder").

v. Flagstar Bank, FSB, 738 F.3d 486, 496 (1st Cir. 2013) ("Where an independent duty of care exists, the violation of a statute or regulation can provide evidence of a breach of that duty, even if the statute or regulation itself does not create a private right of action."). Moreover, "[i]t is the nature of the action before the court, not the nature of the loan program, that establishes the existence or absence of federal jurisdiction." Inter-Am. Univ. of Puerto Rico, Inc. v. Concepcion, 716 F.2d 933, 934 (1st Cir. 1983) (dismissing, for want of federal-question jurisdiction, collection action for student debt under federal loan program). Yet HICA's show-cause response ignores these legal precepts, thereby failing to grapple with the irrefragable proposition that the nature of this case "is merely a dispute between a person entitled to enforce a note and a borrower." HICA Ed. Loan Corp. v. McKinney, No. 10-1205, 2011 WL 10653873, *1 (W.D.Mo. July 18, 2011). The upshot is that neither the HEAL statute nor its regulations furnish a cause of action "for a plaintiff to sue an individual who has violated a statutory or regulatory requirement." HICA Educ. Loan Corp. v. Danziger, 900 F. Supp. 2d 341, 343 (S.D.N.Y. 2012) (citing 42 U.S.C. § 292 et seq.;42 C.F.R. Part 60).

In reaching this conclusion, the court does not write on a clean slate. The vast majority of district courts that have squarely considered this issue have held that "neither the HEAL statute nor its regulations provide an express federal cause of action for a plaintiff to sue an individual who has violated a statutory or regulatory requirement." HICA Educ. Loan Corp. v. Meyer, No. 12-4248, 2014 WL 1694928, * 2 (S.D.N.Y. Apr. 23, 2014); accord, e.g., HICA Educ. Loan Corp. v. Mittelstedt, No. 12-512, 2013 WL 2112233, *2 (W.D. Wis. May 15, 2013); Danziger, 900 F. Supp. 2d at 343; HICA Educ. Loan Corp. v. Merzenich, No. 12-0412, 2012 WL 8134359, *2 (D. Ariz. June 27, 2012); HICA Ed. Loan Corp. v. Waters, No. 11-1262, 2011 WL 8134359 (C.D.Cal. Nov. 7, 2011); McKinney, 2011 WL 10653873, *1.[3] So too here, it

---

[3] To be sure, a handful of district courts have held, without discussion, that they had federal-question jurisdiction over an action brought by HICA to enforce a HEAL loan. E.g., HICA Educ. Loan Corp. v. Lepera, No. 11-960, 2011 WL 3515911, * 2 (D.N.J. Aug. 10, 2011) (in the default-judgment

**CIVIL NO. 14-1127 (SEC)**                                                                 Page 6

follows that Puerto Rico law (not federal law) furnishes HICA's cause of action for breach of the HEAL note in this case. <u>De Jesus</u>, 2014 WL 2435833, *2 (quoting <u>Danziger</u>, 900 F. Supp. 2d at 343); <u>see also, e.g.</u>, <u>Empire Healthchoice Assur., Inc. v. McVeigh</u>, 547 U.S. 677, 698 (2006) ("If Congress intends a preemption instruction completely to displace ordinarily applicable state law, and to confer federal jurisdiction thereby, it may be expected to make that atypical intention clear."). This could end the matter insofar as HICA never invoked a contract claim under Puerto Rico law, P.R. Laws Ann. tit. 31, § 3018, and "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. 804, 809 n. 6 (1986). It is, however, in the interest of justice, <u>see</u> Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."), to construe the complaint's only count as what it truly is: A breach-of-contract claim under Puerto Rico law.

But even so viewed, the same result would obtain. HICA's claim still falls short of coming within the aegis of federal-question jurisdiction. Local-law claims, of course, "typically do not 'arise under' federal law, unless the action 'discloses a contested and substantial federal question.'" <u>HICA Educ. Loan Corp. v. Kotlyarov</u>, No. 11-1050, 2013 WL 4007582, *2 (S.D.N.Y.), <u>R&R adopted</u>, 2013 WL 4617424 (S.D.N.Y. Aug. 29, 2013) (quoting <u>Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 313 (2005)). Specifically, "[f]ederal jurisdiction will lie over a state law cause of action if the face of the complaint reveals a "'federal issue [that] is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in a federal court without disrupting the federal-state balance of power.'" <u>Municipality of Mayaguez</u>, 726 F.3d at 13 (alterations in original) (quoting <u>Gunn</u>, 133 S.Ct. at 1065).

---

context). But because those courts have reached that result in a perfunctory way, <u>see, e.g.</u>, <u>id.</u> ("Because a default on a HEAL program loan is a violation of the C.F.R., the Court has subject matter jurisdiction over HICA's claim."), the Court finds that minority view unpersuasive and, as elucidated below, foreclosed by binding precedent in any event. See <u>Mayaguez</u>, 726 F.3d at 12-16; <u>accord</u> <u>Merzenich</u>, 2012 WL 8134359, *2 (rejecting minority view on this point).

**CIVIL NO. 14-1127 (SEC)**                                                                                                        **Page 7**

      Here, HICA's breach-of-contract claim falls, without serious question, outside this "'special and small category' of cases in which a state law cause of action can give rise to federal-question jurisdiction because the claim involves important federal issues." Id. at 13 (quoting Empire Healthchoice Assurance, 547 U.S. at 699). It is true, as HICA demurs, that the Federal Government may have "strong interest in the prompt and certain collection of defaulted student loans . . . ." Docket # 9, p. 4. But that interest does not carry the day, where (as here) the state-law claim at issue is "the sort of 'fact-bound and situation-specific' claim whose resolution is unlikely to have any impact on the development of federal law." Municipality of Mayaguez, 726 F.3d at 14 (quoting Empire Healthchoice Assurance, 547 U.S. at 701).[4] HICA, for instance, does not challenge the meaning of the HEAL statute or its regulations. And that omission comes as no surprise, considering that this case merely involves a contractual dispute between two private parties; it does not "involve a true risk to the interests of a federal agency, program, or statutory scheme." Municipality of Mayaguez, 726 F.3d at 17; accord Kotlyarov, 2013 WL 4007582, *2 (rejecting HICA's similar argument). Contrast Grable, in which the Supreme Court noted that the dispute "centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as 'substantial,' and its resolution was both dispositive of the case and would be controlling in numerous other cases." Empire Healthchoice Assurance, 547 U.S. at 700 (quoting Grable, 545 U.S. at 313).

      In sum, HICA cannot meet its burden of persuading that its putative breach-of-contract claim under Puerto Rico law implicates a substantial federal question. See Municipality of Mayaguez, 726 F.3d at 12-16 (finding no federal question present in plaintiff's breach-of-contract suit against corporation for violations of federal regulations, reasoning that "[t]hough

---

[4] But cf. One & Ken Valley Hous. Grp. v. Maine State Hous. Auth., 716 F.3d 218 (1st Cir. 2013) ("Federal jurisdiction is favored in cases that present a nearly pure issue of law that could be settled once and for all and thereafter would govern numerous cases."), cert. denied, 134 S. Ct. 986 (2014).

**CIVIL NO. 14-1127 (SEC)**                                                                                      **Page 8**

the ultimate question" in the contract concerned compliance with federal regulations, the dispute was "'fact-bound and situation-specific,'" and its resolution was "unlikely to have any impact on development of federal law" (quoting Empire Healthchoice Assurance, 547 U.S. at 701)); accord, e.g., Danziger, 900 F. Supp. 2d at 343. This ends the matter. And although HICA asserts other (undeveloped and minor) arguments, the Court, having considered them, summarily rejects them as patently without merit.

**Conclusion**

Because HICA falls short of shouldering its burden of establishing that this action comes within the purview of federal-question jurisdiction, and because HICA identifies no other jurisdictional ground, this case is **DISMISSED without prejudice** for want of subject-matter jurisdiction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of July, 2014.

                                      s/ *Salvador E. Casellas*
                                      SALVADOR E. CASELLAS
                                      U.S. Senior District Judge